IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

RUTH L. GRINER,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

    Defendant.

Case No. 06-CV-334-FHM

## ORDER

Plaintiff, Ruth L. Griner, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's March 4, 2004, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held December 1, 2005. By decision dated February 23, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on April 28, 2006. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born February 8, 1959, and was 47 years old on the date of the ALJ's decision.  She has a 7th grade education and formerly worked as machine inspector.  She claims to have been unable to work since January 6, 2004, as a result of migraines, injury to prosthesis stump and low back pain.  The ALJ determined that Plaintiff retains the residual functional capacity (RFC) for the complete range of sedentary exertional activity. [R. 19].  Although Plaintiff is unable to perform her past relevant work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with her limitations.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that:  the ALJ failed to properly analyze the opinion of Dr. Chouteau, her treating physician; failed to perform a proper credibility analysis; and the RFC determination is not supported by the record as a whole.  The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this

2

case, and that the ALJ applied the correct standards in evaluating the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

## Treating Physician's Opinion

On November 8, 2005, Plaintiff's treating physician, Dr. Chouteau, completed a four question "Migraine Questionnaire." [R. 287].  He indicated:  Plaintiff has 2-4 headaches per month, which last 24 hours; the migraines are "helped with Maxault;" the headaches "incapacitate her;" and she is compliant with treatment.  *Id.*  The ALJ found that Dr. Chouteau's assessment "is deficient, without supportive medical documentation." [R. 18]. The ALJ stated: "Dr. Chauteau's [sic] assessment is unsupported by and inconsistent with the credible evidence of record, and the undersigned declines to give it controlling weight." [R. 19].

Citing *Watkins v. Barnhardt,* 350 F.3d 1297 (10th Cir. 2003), Plaintiff argues that the decision should be reversed and the case remanded because the ALJ failed to evaluate Dr. Chouteau's opinion under the relevant factors to determine whether the opinion is entitled to some lesser degree of weight.  In *Watkins*, the Court remanded the case for further consideration because the ALJ failed to articulate what weight, if any, he gave to the opinion of the treating physician and failed to explain the reasons for assigning that weight or for rejecting the opinion altogether.  *Id.* at 1301.  The Court stated that, in accordance with 20 C.F.R. § 404.1527 and 416.927, the opinion must be weighed considering the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the degree to which the opinion is supported by relevant evidence; the consistency between the opinion and the record as a whole; whether the physician is a specialist in the area; and other factors which tend to support or contradict

the opinion. *Id.* at 1300-1301. The Court did not, however, rule that a treating physician's opinion could not be rejected. The Court reiterated the long-standing rule that if the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Id.* at 1301, citing *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Here it is clear the ALJ rejected Dr. Chouteau's opinion. Furthermore, he explained his reasons for doing so. The medical record does not support Plaintiff's testimony that she has had migraine headaches three or four times a week since January 6, 2004. Nor does it support Dr. Chouteau's statement that Plaintiff has two to four headaches per month. The ALJ correctly noted Plaintiff had emergency room treatment for headaches seven times between May 2005 and September 2005. [R. 19]. The ALJ's recitation of the medical record accurately reflects that some of Plaintiff's headaches were related to high blood pressure, and occurred when she had been off of her medication. [Dkt. 17]. On May 24, 2005, Plaintiff presented to the emergency room with complaints of headache and was hospitalized under the care of Dr. Chouteau for her headache on May 26, 2005. The discharge summary notes her blood pressure was 202/110 and that she had been out of her medication for three months. [R. 227]. Other emergency room visits for headache were on June 2, June 9 and June 28, 2005. [R. 241, 248, 251]. On August 9, 2005, when Plaintiff presented to the emergency room again for treatment of headache it was noted that she had been out of medication for 7 days, [R. 260], and also that she "typically has these [symptoms] when off her meds." [R. 270].

4

Plaintiff argues that the ALJ was not correct in saying that the only other record of emergency room treatment for a migraine was in May 2003.  On September 22, 2004, Plaintiff had emergency room treatment for hypertension and headache. [R. 203].  Plaintiff was treated again in the emergency room for a headache on December 5, 2004. [R. 216].  The records for that visit indicate that Plaintiff had similar symptoms previously 6 months ago. [R. 218].  Since Plaintiff was in the emergency room for a headache in September, it appears that her last similar symptoms had been two, not six months earlier.  However, it also appears that Plaintiff did not represent to medical personnel treating her that she was having headaches three or four times a week as she testified, or even two to four times per month as Dr. Chouteau stated.  So, while the ALJ's statement concerning Plaintiff's emergency room treatment for headaches was not completely accurate, that inaccuracy does not require remand for reconsideration of the record because the ALJ's statement that the record does not support Dr. Chouteau's assertion concerning the frequency of Plaintiff's headaches is accurate.

Plaintiff also points out that Plaintiff reported headaches during appointments with Dr. Chouteau and his associate, Nurse Schnell, in June and October 2003, and in April and June 2004.  Since the alleged date of onset of disability is January 6, 2004, records generated before that time when Plaintiff was still working are not particularly relevant.  Plaintiff was seen in Dr. Chouteau's office with complaints of headaches on April 6, 2004 [R. 176] and on June 7, 2004.  Those records do not support Dr. Chouteau's statements concerning the frequency of Plaintiff's headaches. The court notes that Plaintiff had various other visits to Dr. Chouteau's office during the relevant time frame (December 29, 2003 to June 7, 2004) where there are no complaints of headache listed. [Dkt. 173 - 184].

The undersigned finds no error in the ALJ's treatment of Dr. Chouteau's opinion. It is clear that the ALJ rejected Dr. Chouteau's opinion and he gave specific legitimate reasons for doing so.

## Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990).  The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion."  *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001).  Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision."  Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

The ALJ stated he was not persuaded that Plaintiff's impairments are as severe as she alleges.  He noted that she sustained a strain of her back and left leg when she fell on January 6, 2004, but that her MRI was normal.  Her prosthesis was damaged in the fall, but she obtained a new one.  And, after examining her and reviewing her records, Dr. Paul expressed the opinion that Plaintiff could perform sedentary work. [R. 19].  Plaintiff argues that:

6

> [T]he ALJ's explicit credibility analysis was legally and factually insufficient because he relied solely on objective medical evidence to evaluate her subjective allegations and because the medical evidence when viewed as a whole convincingly refutes the conclusion that Ms. Griner could perform a full range of sedentary work.

[Dkt. 21, p. 16]. Plaintiff also argues that the ALJ failed to discuss a good deal of other testimony and evidence which supports Plaintiff's testimony under the relevant factors.

While the ALJ could have said more about Plaintiff's credibility, the undersigned finds the ALJ performed an adequate credibility analysis as the record does not provide support for Plaintiff's claims of the severity of her impairments. The undersigned has already discussed the lack of support in the record for Plaintiff's claim of having headaches three to four times a week. Plaintiff testified she essentially has no trouble sitting, [R. 318], and she can stand up to 45 minutes without having to take a break. *Id.* Further, she also testified she does not suffer from any side effects from her medications. [R. 319]. These factors all support the ALJ's credibility determination and the RFC finding.

Since the ALJ properly linked his credibility finding to the record, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. See *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *James v. Chater*, 96 F.3d 1341, 1342 (10th Cir. 1996).

### RFC Determination

Plaintiff argues that the ALJ erred by failing to include non-exertional limitations in her RFC related to suffering between two and four incapacitating headaches per month. The undersigned has already discussed the lack of support in the record for the alleged frequency of Plaintiff's headaches.

*Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the Secretary's decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ.  See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990).  The undersigned finds that the ALJ included the limitations that are supported by the record in the hypothetical questioning to the vocational expert.

### **CONCLUSION**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 31st day of July, 2007.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

8